CASE 74—INDICTMENT—MAY 14.

# Gaskins v. Commonwealth.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

1. FORMER JEOPARDY.—A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when it has been impaneled and sworn.

2. SAME—DISMISSAL OF INDICTMENT FOR VARIANCE.—The provision of sec. 178 of the Criminal Code that the dismissal of an indictment "for variance between the indictment and proof" shall not bar another prosecution for the same offense, does not apply where there was no dismissal of the indictment until after a trial and verdict, there being then no pending indictment to be dismissed. Therefore, appellant's plea of former acquittal in this case should have been sustained, although the former acquittal may have been due to a variance between the indictment and proof, there having been a verdict of not guilty in obedience to a peremptory instruction.

3. AIDERS AND ABETTORS.—Although appellant was proved on the first trial not to have himself done the killing, but aided and abetted another, he might have been legally convicted of the crime of murder for which he was indicted, and there was, therefore, in the meaning of the Code, no variance between the indictment and proof.

4. ACCUSED PUT ON TRIAL IS ENTITLED TO DECISION.—Having been put upon his trial under the former indictment on charge of murder by a jury sworn to decide the issue between himself and the Commonwealth, defendant was entitled to a decision of that issue, which he could not have been arbitrarily deprived of by the court.

JOHN H. WELCH FOR APPELLANT.

1. The acquittal of the appellant of the charge of murder in the indictment upon which he was being tried, was a bar to a prosecution under a subsequent indictment charging him with the crime of aiding and abetting another in the murder of which he had been formerly charged and upon trial acquitted. (Benge v. Commonwealth, 92 Ky., 1; Constitution, sec. 13.)

Gaskins v. Commonwealth.

2. Under the second indictment charging appellant with aiding and
abetting in the murder of the deceased he might have been con-
victed of murder as charged in the first indictment upon sufficient
evidence, and, therefore, he was put twice in jeopardy for the
same offense in violation of the constitution. (Constitution sec.
13; Thompson v. Commonwealth, 1 Met., 15; Triplett v. Common-
wealth, 84 Ky., 195; Fisher v. Commonwealth, 1 Bush, 211; 1
Bishop's Criminal Law, 685.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The indictment upon which appellant was tried and acquitted hav-
ing charged him with having actually perpetrated the alleged
murder of deceased, the trial under a subsequent indictment
charging him with aiding and abetting another who was
shown to have actually committed the murder is not a second
jeopardy for the same offense within the meaning of the consti-
tution. (Kessler v. Commonwealth, 12 Bush, 18; Mickey v.
Commonwealth, 9 Bush, 593; Bland v. Commonwealth, 10 Bush,
622.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

October 30, 1894, an indictment was found and filed
against Milt Gaskins, for the crime of murder, committed,
according to recital in the indictment, as follows: "That
said Milt Gaskins, on the 30th day of October, 1894, in the
county aforesaid and before finding of this indictment,
George Perkins did unlawfully, wilfully, feloniously, and
with malice aforethought, kill and murder Clay McClear, by
shooting him with a pistol loaded with powder and leaden
ball and other hard substance, and that Milt Gaskins was
present and did unlawfully, wilfully, and with malice
aforethought, aid, assist, counsel and advise the said George
Perkins to commit the murder aforesaid," etc.

Under that indictment, Gaskins was, by the jury, found
guilty of voluntary manslaughter, and his punishment fixed
at confinement in the penitentiary for seven years.

The principal question to consider on this appeal is

whether the court below properly overruled the defendant's motion to dismiss the indictment and discharge him from custody upon the ground he has been acquitted of the offense charged in the present indictment, which was in due form pleaded.

In support of that plea was produced in evidence the following indictment, filed at October term, 1894: The grand jury of Jessamine county accuse Milt Gaskins, alias Milt Stigall, of the crime of murder, committed as follows: That said Milt Gaskins, alias Milt Stigall, on the 24th day of October, 1894, in the county aforesaid and before finding of this indictment, did unlawfully, wilfully, feloniously and with malice aforethought, kill and murder Clay Mc-Clear, by shooting him with a pistol loaded with powder and ball and other hard substance, etc." There was also put in evidence, record of proceedings under that indictment, showing, in substance, that the parties, Commonwealth of Kentucky, plaintiff, and Milt Gaskins, alias Milt Stigall, defendant, appeared, a jury was duly impanelled, and swore a true verdict to render; the trial progressed and plaintiff having concluded its case, defendant moved the court for a peremptory instruction, which was sustained, and thereupon the jury returned the following verdict: "We of the jury find the defendant not guilty as charged in the indictment."

As heretofore held by this court in case of Williams v. Commonwealth, 78 Ky., 93, "a person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been impaneled and sworn."

Sec. 178 Criminal Code provides: "The dismissal of the

indictment by the court on demurrer, except as provided in sec. 169, or for an objection to its form or substance. taken on the trial, or *for variance between the indictment and proof,* shall not bar another prosecution for the same offense." Sec. 169, referred to, provides that a judgment sustaining a demurrer because the indictment contains matter which is a legal defense or bar to the indictment, shall be final, and entitle the defendant to a discharge from any further prosecution for the offense. That section has, however, no application to this case. Consequently, it is necessary to consider only that portion of sec. 178 which provides that dismissal of an indictment *for variance between the indictment and proof shall not bar another prosecution,* being the ground upon which defendant's plea in this case was overruled.

Having been put upon his trial on charge of murder by a jury sworn to decide the issue between the Commonwealth and himself, defendant was entitled to a decision of that issue, which he could not have been arbitrarily deprived of by the court, nor was he, in fact, deprived of it; on the contrary, there was a decision by the jury, who, after hearing evidence and, under instruction of the court, rendered, in due form, a verdict of not guilty. And the only question to be determined is, whether the indictment under which he was so tried and acquitted was sufficient in form and substance to sustain a conviction if there had been a verdict to that effect.

Though there may be two or more persons charged with a murder, only one of whom actually did the deed, while the others were present, aiding and abetting, there is, in legal contemplation, but one offense, of which all or any one of them can be convicted as principals. Benge v. Commonwealth. 92 Ky., 1. It thus results that although appellant was proved, on the first trial, not to have himself done the

killing, but aided and abetted another, he might have been legally convicted of the crime of murder, for which he was indicted, and there was really, in meaning of the Code, no variance between the indictment and proof. Moreover, there was no dismissal of the first indictment until after the trial was had and verdict of the jury was rendered, and then there was no pending indictment to be dismissed.

It seems to us the former trial and acquittal is a bar to the present prosecution, and appellant's plea ought to have been sustained.

Wherefore, the judgment is reversed, and cause remanded with direction to discharge him from custody.