CASE 99.—INDICTMENT    AGAINST    HENRY    SCHWEITERS
    FOR PERJURY.—May 15.

# Commonwealth v. Schweiters

Appeal from Jefferson Circuit Court.    (Criminal Division.)

JOSEPH PRYOR, Judge.

1. Notaries —Jurisdiction—Limits—Under the express provisions of Stat. 1903, section 3721, the jurisdiction of a notary public is confined to the limits designated in the commission of the governor.
2. Perjury—Indictment—Burden of Proof—Where an indictment for perjury alleged the taking of the perjured testimony before a named notary public in a certain city, the burden was on the State to prove that the notary before whom the oath was taken was the person designated, and that he was a notary public whose jurisdiction included the time and place specified.
3. Same—Indictment—Allegation of Falsity—Averment of Truth —An indictment for perjury charged that defendant, before a notary public, testified that M. came to a certain voting place on the morning of November 7, 1905, and brought with him ballots for that precinct for the election about to take place, and had them with him at said polling place, and that defendant at said time and said place saw him, said M., and was with him and saw the said ballots when they were inside of the said voting place, whereas in fact it was true, and defendant well knew it to be true, that said M. did not, at said time stated in the said deposition of said defendant, come to said voting place or bring with him the ballots for the said precinct, etc.  Held, that such indictment was not demurrable for failure to properly negative the truth of the testimony by a special averment of the truth of the facts.

LOUIS B. WEHLE, JOE HUFFAKER, Commonwealth's attorney, and N. B. HAYS, Attorney General, for appellant.

(No brief in the record.)

EDWARDS & OGDEN for appellee.

POINTS AND AUTHORITIS IN BRIEF FOR APPELLEE.

In an indictment for false swearing:

1. The falsity of the matter alleged to have been sworn to by the defendant is not properly negatived by special averment. (Commonwealth v. Still, 83 Ky., 275; Ferguson v. Commonwealth, 8 Ky. Law Rep., 257; Commonwealth v. Weingartner, 16 Ky. Law Rep., 221; Commonwealth v. Porter, 17 Ky. Law Rep., 554.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The grand jury of Jefferson county returned the following indictment: "The grand jury of the county of Jefferson, in the name and by the authority of the Commonwealth of Kentucky, accuse Henry Schwieters of the crime of knowingly, willfully, unlawfully, and feloniously swearing to that which was false in a matter which was judicially pending, when he had been sworn by a person authorized by law to administer an oath, committed in manner and form, as follows, to wit: "That the said Henry Schwieters on the —— day of December, A. D. 1905, in the city of Louisville, in the county of Jefferson, being called to testify as a witness in a certain action wherein one Charles Scholl was the plaintiff and one Henry Bell was the defendant, and wherein the said plaintiff prayed the court to adjudge that at the election held in Jefferson county on November 7, 1905, he, the plaintiff, was elected to the office of sheriff of Jefferson county, or that neither he, the plaintiff, nor the defendant were fairly elected to the said office, and that there was no election held on that day, which action was then pending in the chancery branch, first division, thereof, a court

having full jurisdiction of the subject of said action and of the parties thereto, after being sworn by Clarence E. Walker, a notary public having full power and authority to administer oaths to witnesses and take depositions, that he would tell the truth, the whole truth, and nothing but the truth in answer to the questions that would be propounded to him in the said action, did then and there willfully, knowingly, falsely, and feloniously depose and swear, among other things, in substance and to the effect following; that is to say: That one Alex Metz came to the voting place at Twenty-Fifth and Main streets, which was the regular voting place of the Twenty-Eighth precinct of the Twelfth Ward of the said city of Louisville, for an election which was to be held on November 7, 1905, in said precinct, on the morning of the said day at some time between fifteen minutes past 5 o'clock and about twenty-five minutes after 6 o'clock; that the said Alex Metz, to the said place and at the said time, brought with him the ballots for the said precinct in the said election and had them with him at the said place; that he, the said Henry Schwieters, at the said time and said place saw him, the said Alex Metz, and was with him at the said place, and saw the said ballots when they were inside of the said voting place, whereas, in truth and in fact, it was true, and the said Henry Schwieters then and there well knew it to be true, that the said Alex Metz did not, at the said time stated in the said deposition of the said Henry Schwieters, come to the said voting place, nor bring with him the ballots for the said precinct to the said place, nor have them with him at the said place, and that he, the said Henry Schwieters, did

not at the said time and said place see the said
Alex Metz, nor see the said ballots when they were
inside of the said place, and that he, the said Henry
Schwieters, was not with the said Alex Metz at or
in the said place at the said time. The answers then
and there deposed and sworn to by the said Henry
Schwieters, and hereinbefore set forth in substance
and effect, were false, for the reasons hereinbefore
set forth, contrary to the form of the statute in such
cases made and provided and against the peace and
dignity of the Commonwealth of Kentucky." The
defendant demurred to the indictment. His demur-
rer was sustained, and the Commonwealth appeals.

The indictment was found under section 1174, Ky.
Stats., 1903, which is as follows: "If any person,
in any matter which is or may be judicially pending,
or which is being investigated by a grand jury, or
on any subject in which he can be legally sworn,
or on which he is required to be sworn, when sworn
by a person authorized by law to administer an oath,
shall willfully and knowingly swear, depose or give
in evidence that which is false, he shall be confined
in the penitentiary not less than one nor more than
five years." It will be observed that the statutory
offense is committed when a person shall willfully
and knowingly swear falsely on any subject on which
he is required to be sworn, when sworn by a person
authorized by law to administer an oath. The indict-
ment charges that the defendant in the city of
Louisville and county of Jefferson being called to
testify as a witness in a certain action after being
duly sworn by Clarence Walker a notary public
having authority to administer oaths and take deposi-
tions, did then and there willfully, knowingly, and

feloniously swear to a certain statement that was false. This is a charge that the defendant testified in the city of Louisville, in Jefferson county, after being sworn by a notary public. If Clarence E. Walker was not a notary public in the city of Louisville, then the defendant was not sworn before a notary public, for the authority of a notary public is confined to the limits designated in the commission of the Governor on making the appointment. Ky. Stat., 1903, section 3721. He has no authority to act outside of these limits, and anything done by him outside of them is done as a private person, and not as a notary public. The indictment sufficiently apprises the defendant that the testimony charged to be false was given in a certain deposition taken in a certain action given before a notary public. If Walker was not then and there a notary public, he was not sworn before a notary public, but before a private person. If the indictment had omitted the name of Clarence E. Walker, and had simply charged that the defendant was sworn by a notary public before giving the deposition, the charge could not be sustained unless the person who administered the oath was a notary public at the time and place the oath was taken. The fact that the indictment names the notary imposes on the Commonwealth the burden of proving that the notary public before whom the oath was taken was Clarence E. Walker, but no greater particularity of allegation is necessary than if Walker's name had been omitted. The charge that the act was done before a notary public must mean that the person before whom it was done was then and there a notary public. An officer does not carry

his official character with him beyond his bailiwick, but stands there only as a private person.

It is also insisted that the falsity of the matter alleged to have been sworn to by the defendant is not properly negatived by special averment of its truth. In Commonwealth v. Still, 83 Ky., 275; 8 Ky. Law Rep., 208, it was held that, where the defendant was indicted for swearing falsely that he did not see a certain game of cards, it was not sufficient for the indictment to state merely that his statements were false and known by him to be false, but it should have been averred that he did see the game of cards referred to. The same rule was followed in Commonwealth v. Weingartner, 27 S. W., 815; 16 Ky. Law Rep., 221, where the charge was that the defendant had sworn that a house had been sublet without his knowledge or consent and it was not averred in the indictment affirmatively that he knew of the subletting of the house and consented to it. So, in Commonwealth v. Porter, 32 S. W., 138; 17 Ky. Law Rep., 554, where the charge was that he had sworn falsely in stating that he did not see a certain person at a certain time and there was no averment that he did see the person at that time.

It is insisted that the charge in the indictment that "in truth and in fact it was true, and said Henry Schwieters then and there well knew it to be true, that the said Alex Metz did not, at the time stated in the said deposition of the said Henry Schwieters, come to the said voting place," etc., is not a charge that Metz came there, and that Schwieters knew he came there, on the day named between 15 minutes past 5 o'clock and about 25 minutes after 6 o'clock, as stated in the preceding part of the indictment. It

is said that the deposition of Schwieters may have mentioned, and in fact did mention, a number of other times, and that this is only an averment that the matter referred to did not occur at the time mentioned in the deposition of Schwieters, and is not an averment that it occurred at the time above specified in the indictment. There would be force in this contention if the indictment read "at the time stated in the said deposition of the said Henry Schwieters;" but it does not so read. It reads: "At the said time stated in the said deposition of the said Henry Schwieters." The word "said" in a document refers to something that has been mentioned above in the document. The only time referred to in the deposition which is mentioned above in the indictment is "on the morning of the said day, some time between 15 minutes past 5 o'clock and about 25 minutes after 6 o'clock," and, if the words "said time" in the succeeding part of the indictment do not refer to this, the word "said" is without meaning and must be disregarded entirely. By section 122 of the Civil Code of Practice an indictment must contain a statement of the acts constituting the offense, in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended and with such degree of certainty as to enable the court to pronounce judgment according to the right of the case. If the facts are stated in such a manner as to enable a person of common understanding to know what is intended, this is sufficient. The accused must be informed of the nature and cause of the accusation against him, and he has the right to look to the indictment to ascertain what the facts are to which he is to answer.

The words used in an indictment must be construed according to their usual acceptation in common language, unless they are words and phrases defined by law. Cov. Code Prac., section 137. Only certainty to a common intent is required, and if the language used, construed according to its usual acceptation, is sufficient to inform the defendant of what is charged against him, the indictment is good. In construing an indictment, as in construing any other document, some force must, if practicable, be given to all its words, and words which have a well-defined meaning, such as the word "said," cannot be rejected, but must be given their usual effect. We therefore conclude that the indictment is sufficient, and that the court erred in sustaining the demurrer to it.

Judgment reversed, and cause remanded, with directions to the circuit court to overrule the demurrer to the indictment.