## Commonwealth v. Goulet.

(Decided December 1, 1910.)

### Appeal from Kenton Circuit Court
### (C. C. L. & E. Division).

Criminal Law—Indictment—Trial—Acquittal on Peremptory Instructions—New Trial—Bar.—Where on the trial of G. indicted as an election officer for unlawfully and feloniously mutilating and defacing an election ballot in order to invalidate it, he was acquitted by the jury on peremptory instructions of the court, which held that he was not an election officer in the meaning of the statute, which instructions were held on appeal to be erroneous; and on the next trial he pleaded his former jeopardy and acquittal by the jury in bar of the prosecution: Held, that under section 176 Cr. Code, providing that "An acquittal by judgment upon a verdict, or a conviction, shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the acquittal or conviction took place," the court on the first appeal having declared the indictment good, said indictment and trial was a bar to the prosecution under the second indictment for the same offense.

R. G. WILLIAMS, Comlth's Attorney, JAMES BREATHITT, Attorney General, T. B. BLAKEY, Assistant Atty. General, and C. H. MORRIS for appellant.

JOHN B. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By an indictment returned by the grand jury of Kenton county, November 9, 1909, in the circuit court of that county then in session in the city of Covington, appellant was charged with the crime of unlawfully, wilfully and feloniously marking, mutilating and defacing

an official election ballot for the purpose of invalidating the same, he being at the time an inspector of the election.

When tried under the indictment appellant was acquitted by the jury in obedience to a peremptory instruction from the circuit court, it being the opinion of that court that he was not an election officer in the meaning of section 1476, Kentucky Statutes, under which the indictment was returned; that the indictment did not charge a public offense, and therefore, appellee could not be convicted thereunder.

On the appeal prosecuted by the Commonwealth, this court held that the indictment did properly charge the offense denounced by the statute; and though appellee by acting as inspector did not become an election officer, he was in that capacity and in the meaning of the statute a "person having custody or control" of the ballot alleged to have been willfully, unlawfully and feloniously marked and defaced by him; and, therefore, amenable, if guilty, to the punishment prescribed for such an act.    It was, however, assumed by the court that the verdict and judgment of acquittal in the circuit court, notwithstanding the error of that court in directing the one and entering the other, would prevent any further prosecution of appellee for the offense in question, hence, the opinion did not reverse the judgment or remand the case, but merely certified the opinion to the circuit court as the law of the case.

Following the filing of the opinion and mandate, in the circuit court, that court, on motion of the Commonwealth's attorney, quashed and dismissed the indictment and referred the case to the grand jury, which action resulted in the finding of another indictment against appellee by that body for the same offense, which was duly returned to the circuit court.  The first indictment was dismissed, and case referred to the grand jury, May 5th, 1910, and the new or last indictment was returned May 24th, 1910.  In thus disposing of the first indictment and causing the return of the second, the court proceeded upon the theory that the grand jury which returned the first one acted illegally and without power and that the indictment was void.  Appellee upon being brought to trial under the second indictment pleaded, in bar of the prosecution  thereunder, his acquittal on the trial had under the first indictment, and the statement of facts offered by him in support of the plea being agreed to by the Commonwealth's attorney, it was sustained by the

court and the jury peremptorily instructed to find appellee not guilty. They immediately returned a verdict of acquittal, and the Commonwealth having been refused a new trial, has appealed from the judgment entered upon that verdict.

It now remains to be seen whether the circuit court erred on the last trial in giving the peremptory instruction directing appellee's acquittal. Under section 980, Kentucky Statutes, Kenton county is made a judicial district and allowed a circuit court of continuous session, with two divisions and a judge for each division. The section, supra, also provides that the two divisions of the court for a county such as Kenton shall be held in a city of the second class, to which Covington belongs, but that the judges thereof "shall hold part of such sessions at the county seat of the county where the same is not such city, such part to be not less than two weeks if the business of the court require so long, in February, June and October of each year." Independence, a city of the fifth class, is the county seat of Kenton county, and therefore, one of the places where the circuit court of that county must be held.

The same section also provides what cases shall be docketed and tried at each place of holding court, but that "by consent, parties may have their case tried at either place," and that juries shall be selected and drawn at each place, as required by law for counties having only one place for holding court. The same section confers upon the circuit court of Kenton county power to make and change rules regulating business therein.

Section 981 requires the judges of the Kenton circuit court to "cause not less than four grand juries to be summoned and empanelled each year, one of which shall meet at the county seat—not a city of the second class— and may cause as many more to be summoned and impanelled as may be deemed proper."

Pursuant to the power conferred by section 980, the Kenton circuit court adopted the following rule with respect to grand juries:

"Grand juries shall be summoned for and impanelled at Covington on the first Monday in January, June and October, and at Independence on the first Tuesday after the third Mondays in February and October."

It is conceded that the grand jury which returned the first indictment against appellee was impanelled at Covington, October 5th, 1909, and that by orders entered October 11th, 18th, 25th and 29th, and November 5th,

1909, it was continued in existence until the 10th day of November, 1909, the day before its discharge. This grand jury returned the first indictment against appellee. It is further conceded that on October 19th, 1909, which was the Tuesday after the third Monday, a grand jury was impanelled at Independence, the county seat, and continued in existence until October 22nd, at which time it was discharged, and the session of the court discontinued at Independence and resumed on the following day at Covington. It seems to be also conceded that the circuit court of Kenton county, in moving from Covington to Independence, and from the latter place to Covington, does so by a mere order changing the sittings from one place to the other, and not by a formal order of adjournment as indicating the close of a term. In other words, the court is one of continuous session, whether sitting at Covington or Independence.

It is not contended by counsel for the Commonwealth that the grand jury at Covington was in session, or that it performed any duty while the court was sitting at Independence, where it remained from the 19th to the 22nd of October, only four days, and discharged the Independence grand jury before it returned to Covington. An order with respect to the Covington grand jury was made there October 18th, the day before the court removed to Independence. Whether the order of the 18th adjourned the Covington grand jury to a date after the return of the court from Independence, does not appear, but it does appear that no other order in reference to the Covington grand jury was made until October 25th, three days after the discontinuance of the court at Independence and after it had resumed its work at Covington. If we are to speculate as to the effect of the order of October 18th, it would not be unreasonable to suppose that it merely adjourned the grand jury until the court returned from Independence, and upon its return to Covington on the 25th it resumed work. It is admitted by counsel for the Commonwealth that the grand jury at Covington was held over by the order of October 18th until after the election, for the purpose of investigating such frauds as might be committed therein; that it did not begin the investigation of appellee's case until November 3rd, and that the first indictment was returned November 9th. Manifestly, it was not found or returned while the court was in session at Independence.

It is, however, contended by counsel for the Commonwealth that the court could not have two grand juries in the county at the same time and that the impanelling of the Independence grand jury ipso facto discharged the one at Covington. Would it not be equally as logical, or more so, to say that the order of October 18th, continuing the grand jury at Covington, put it out of the power of the court to impanel the Independence grand jury without discharging the Covington grand jury? We think, however, the correct view of the matter is that as the order of October 18th, extending the Covington grand jury was clearly within the authority of the court and regularly made before it discontinued its session there, it should be treated as an adjournment of the grand jury during the absence of the court from Covington and while it was engaged at Independence. There can be no doubt of the power of the court to adjourn a grand jury from time to time, and the impanelling of the grand jury at Independence before discharging the one at Covington, while irregular, did not operate as a discharge of the Covington grand jury. It is true there was a rule of court by which a grand jury was to be impanelled at Independence on Tuesday after the third Monday in October, but it was not a requirement of the statute; this rule the court had the power to observe or suspend by proper orders and it was in effect suspended by the order of October 18th, made at Covington, continuing the grand jury there. So, if either of the grand juries was an illegal body, it was the one at Independence organized while there was an order of court continuing the session of the grand jury at Covington.

The grand jury at Covington resumed its work upon the return of the court to that city from Independence, and while there was no re-summoning of the grand jury at Covington, there was an order extending further its time, which was a declaration of the fact that the court regarded it still as its grand jury; and while still so recognized, it found and returned the first indictment against appellee. It was, therefore, at least a defacto grand jury, any irregularity in the formation of which could have been reached only by motion to quash the indictment, which was not done either by the Commonwealth or appellee.

While the circuit court might have entertained and acted upon such a motion any error committed by it in either sustaining or overruling the motion, section 281

of the Criminal Code, prevents this court from reviewing or correcting.

We conclude, therefore, that the first indictment returned against appellee was not invalid, therefore, his trial thereunder was properly had.

Section 176, Criminal Code, provides: "An acquittal by judgment upon a verdict or a conviction shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the acquittal or conviction took place."

This court on the first appeal declared the first indictment good, as its certification of the opinion indicated to the circuit court, therefore, that court erred in quashing the indictment and again referring the case to the grand jury.

It follows from what we have said that the acquittal of appellee on the trial under that indictment was a bar to the prosecution under the second indictment returned against him for the same offense.

In Cooley's Constitutional Limitations, page 328, it is said:

"If the first indictment or information were such that the accused might have been convicted under it, on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial on the second."

Section 13, Bill of Rights, Constitution; Williams v. Commonwealth, 78 Ky. 93; Gaskins v. Commonwealth, 97 Ky. 494; Drake v. Commonwealth, 29 R. 981.

Under the rule above stated the court below properly instructed the jury on the trial of appellee under the last indictment, to acquit him.

Wherefore, the judgment is affirmed.

The whole court sitting, except Judge Lassing.