## Scott v. Commonwealth.

(Decided October 3, 1924.)

## Appeal from Daviess Circuit Court.

1.  Criminal Law—Evidence of Search of Pitcher and Behind Bar Not Admissible in Absence of Valid Search Warrant.—Where officer, on entering saloon and seeing bartender start toward sink as if to empty contents of pitcher, jumped over bar and grabbed pitcher, which contained whiskey, and also saw milk bottle full of liquor under bar, evidence of finding of the liquor was admissible if search warrant was not valid.

2.  Criminal Law—There was no Jeopardy where Warrant was Dismissed Without Trial.—There was no jeopardy where police court dismissed warrant without trial on statement of counsel that evidence was same as in another case.

3.  Criminal Law—Evidence that Witness "Secured Grounds" in Affidavit for Search Warrant was Mere Conclusion, Insufficient to Support Search Warrant.—Testimony, of one preparing affidavit for search warrant, that he "secured grounds" in affidavit for search warrant, was mere conclusion and not sufficient to show affidavit, which was lost, was sufficient to support search warrant.

4.  Criminal Law—Burden on Commonwealth to Produce Search Warrant or Prove Contents.—Burden is upon Commonwealth to produce search warrant when called for by accused on trial, and, in case that paper cannot be found or its absence cannot be accounted for, to prove its contents.

5.  Criminal Law—Affidavit for Search Warrant Matter of Defense, and Commonwealth is Not Required to Produce it.—Affidavit for a search warrant is matter of defense, and Commonwealth is not

required to produce it in order to render competent evidence obtained under search warrant.

SLACK, BIRKHEAD & SLACK for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

Appellant Scott and two other men, Hill and Butler, were operating a soft drink stand and pool room in the city of Owensboro when the police officers of that city raided the drink stand and found under the bar a pitcher containing whiskey and a quart milk bottle containing a like liquid, and arrested the three men. The place was owned and operated by appellant Scott and Hill. Butler was the barkeeper. The three officers went to the place to search it, carrying with them a paper issued by the judge of the police court as a search warrant for the premises. As they entered the drink stand and approached the bar, one of the policemen observed Butler behind the bar pick up the pitcher and start towards the sink as if to empty its contents. Thereupon the officer. brandishing his club, directed Butler to desist, and sprang over the counter. When he took the pitcher from Butler he found it contained about three pints of white whiskey. He also found an additional quart under the bar. None of these intoxicants could be seen from the outside, and unless the officers had a valid search warrant no part of the evidence given by them concerning the finding of the whiskey under the bar was competent, and the court should have sustained the motion of appellant Scott to exclude it.

Butler, the barkeeper, was separately tried in the police court and acquitted. The case of the defendant was continued until the next morning. When court opened counsel, being present, the court inquired if the evidence against appellant was in substance the same as that introduced against Butler on the evening before, and being informed that it was in substance the same, he dismissed the warrant against appellant. No trial was had. There was no judgment of acquittal or conviction. He was not in jeopardy because he was not put upon trial. A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon indictment or information which is sufficient in form and substance

to sustain a conviction and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been empaneled and sworn. Williams v. Commonwealth, 78 Ky. 93; Gaskins v. Commonwealth, 97 Ky. 494; Commonwealth v. Goulet, 140 Ky. 843; Drake v. Commonwealth, 29 K. L. R. 981. Not having been in jeopardy the dismissal of the charge against defendant was not a bar to another proscution and the court did not err in overruling appellant's written plea in bar based upon the facts above recited. Middleton v. Commonwealth, 198 Ky. 626.

Immediately after the discharge of appellant in the police court he was arrested on a warrant issued by a justice of the peace of the city of Owensboro. The trial in the justice's court resulted in a conviction of appellant and he appealed to the circuit court, where a like verdict resulted, hence this appeal.

At the trial in the circuit court appellant's counsel called for both the search warrant and the affidavit upon which it was based, but the Commonwealth was unable to produce either. It did introduce the three officers who made the raid and each one stated in substance that they acted under a search warrant issued by the judge of the police court of Owensboro, but no one of them could tell the substance of the warrant nor of the affidavit. The police judge testified that he issued the search warrant to search the place of Scott and Hill about the 18th of April, 1923, and that appellant was a member of that firm; that the warrant was issued upon an affidavit; that it was lost or mislaid and that he could not produce it; that the affidavit was signed and properly sworn to in his presence; that he signed the affidavit and search warrant without reading either of them and without asking any questions; that he did not remember any of the statements in the affidavit. On further examination the police judge was asked:

"Q. Do you remember whether it was worded in this way, that the affiant believed, without setting up any other reasons, that he believed they were in possession of liquor in that place? A. Yes, sir, it was written on a printed form that we made some months before that. Q. Did it give any reasons? A. No, sir. Q. Did it state whether he knew or believed? A. Believed, or had grounds for believing. Q. Did it give any other grounds or statement that purported to base the search upon? A. No."

The circuit judge then asked the witness:

"Q.  You say, judge, that this affidavit did not state any grounds upon which his belief or any facts upon which he based his belief? A. None. At that time we were operating under printed blank form of affidavits and search warrants that had been prepared some months before. Since that the Court of Appeals has ruled that the affiant must state his grounds and nature for his belief."

The city prosecutor, Mr. Floyd Laswell, was called as a witness to prove the contents of the affidavit and search warrant which he stated he wrote. He said that the court was trying a negro for shooting craps and that during the investigation the fact was brought out that the negro had bought whiskey at two or three places in that city and was willing to make an affidavit for a search warrant. Mr. Laswell then stated: "After his trial I prepared an affidavit for a search warrant, and *secured grounds in there.* Just exactly what the wording of the affidavit was I can't remember. I prepared it and he signed it in my presence and took them over to the judge and laid them on his desk so he could swear the negro to it and put his signature there."

The evidence of Mr. Laswell falls far short of proving the contents of either the affidavit or the warrant, but it is much fuller than the evidence of any other witness. His statement that he "secured grounds in there (meaning the affidavit) for the search warrant, is a conclusion. It is not a statement of the fact. If he had told what the affidavit contained—even the substance of it—it might have been sufficient. Certainly so if it had set forth facts sufficient to have created in the mind of the police judge probable grounds for believing that the appellant Scott and his associates had in their possession whiskey or other intoxicants at the street number where they operated their business.

We have searched the record in vain for any definite statement of the contents of the affidavit upon which the search warrant was issued and for an outline of the search warrant. The burden is upon the Commonwealth to produce the search warrant when called for by appellant, and in case that paper cannot be found or its absence is not accounted for, to prove its contents. Fairchild v. Commonwealth, 197 Ky. 308; Adams v. Commonwealth, 197 Ky. 235; Terrell v. Commonwealth, 196 Ky. 288. The

affidavit is a matter of defense and the Commonwealth is not required to produce it. Terrell v. Commonwealth, *supra*.

The evidence of the three officers who made the raid on the soft drink stand was not competent until the search warrant was produced or accounted for in the manner set forth above. Excluding the evidence of the officers there was not sufficient proof to carry the case to the jury or to support the verdict. The trial court erred in overruling appellant's motion for a new trial, a prejudicial error.

Judgment reversed for a new trial consistent herewith.

Judgment reversed.