## Wilson and Tucker v. Commonwealth.

(Decided January 26, 1926.)

### Appeal from McCreary Circuit Court.

1. Indictment and Information—Quashing Indictment, Sufficient in Form and Substance to Sustain Conviction, Releases Defendant as Effectively as Directed Verdict.—Where an indictment is sufficient in form and substance to sustain a conviction, quashing indictment releases defendant as effectually as a directed verdict, and character of order made by court in dismissing indictment is immaterial.

2. Criminal Law—Plea of Former Jeopardy Held Valid, Where First Indictment Which was Quashed was Sufficient to Sustain Conviction.—First indictment against defendants, charging crime of uttering a forged check, held to have been sufficient in form and substance to sustain conviction, and defendant's plea of former jeopardy, after quashing of first indictment and being put on trial under second indictment, wherein same evidence as on first trial was introduced, should have been sustained.

HENRY M. CLINE for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellants were convicted of the crime of uttering a forged check. On this appeal the only ground urged for

reversal is error of the trial court in refusing to sustain their plea of former jeopardy. There have been two indictments and two trials based upon the same evidence.

The first indictment, No. 1791, with its endorsements is in these words:

"McCreary Circuit Court.

June Term, 1922.

"Commonwealth of Kentucky against Cal Wilson, Mose Tucker and Oscar Whitehead. Indictment. The grand jury of McCreary county, in the name and by the authority of the Commonwealth of Kentucky, accuses Cal Wilson, Mose Tucker and Oscar Whitehead of the offense of uttering a forged writing, to-wit: a check on the First National Bank of Burnside, a banking company authorized by the laws of the United States and the state of Kentucky to do a banking business in the state of Kentucky. Committed in manner and form as follows, viz.: the said Cal Wilson, Mose Tucker and Oscar Whitehead on the 22 day of June, 1922, before the finding of this indictment and in the county and state aforesaid did unlawfully, wilfully and feloniously deliver to J. W. Worley a writing in words and figures as follows, to-wit:

"'Burnside, Ky.,

April 17, 1922.

No. —

The First National Bank

Pay to the order of Edgar Roberts     $75.00............
Seventy-five ...................................................................Dollars
For sheep and hogs.

'Jeff Flynn.'

On reverse side, 'Edgar Roberts.'

"Which writing purported to have been signed by Jeff Flynn, and said Cal Wilson, Mose Tucker and Oscar Whitehead represented to J. W. Worley when they delivered to him the said writing, to-wit: a check on the First National Bank of Somerset, a banking company authorized by the laws of the United States and the state of Kentucky to do a banking business in the state of Kentucky, that the said Jeff Flynn had signed his name thereto, and on

the faith of said representation the said Cal Wilson, Mose Tucker and Oscar Whitehead obtained from the said J. W. Worley goods of the value of more than twenty dollars and also money and currency in the amount of more than twenty dollars, all the subject of larceny, when at the time the said Wilson, Tucker and Whitehead delivered said writing and made said representation they knew it was false and knew that the said Jeff Flynn had not signed his name to said writing and that his name had been forged and his name signed thereto without his consent and against his will, and said paper was delivered and said representation was made knowingly and with intent to defraud the said J. W. Worley and the said bank. The grand jury further charges that the said Cal Wilson uttered the said forged check in the manner and form as aforesaid and for the purposes aforesaid, and the said Mose Tucker and Oscar Whitehead were then and there near enough to and did unlawfully, wilfully, feloniously, knowingly and fraudulently aid, abet, encourage and assist the said Cal Wilson in the said crime as aforesaid, against the peace and dignity of the Commonwealth of Kentucky.

"J. C. Bird, Commonwealth's Attorney, 34th Judicial District of Ky."

"Witnesses for Commonwealth:

J. W. Worley, Walter Jones, Jeff Jones, Linda Whitehead, Ben Whitehead, Elmer Childers, Julius Tucker, Jeff Flynn, John Hall, Mr. Frog (M.)

(Indorsed on back '6/24. 6th day ret'd from grand jury. Bond. Ref. quashed. No. 1791.'

"The Commonwealth of Kentucky, Indictment for Uttering Forged Check v. Cal. Wilson, Mose Tucker and Oscar Whitehead. 'A true bill. Dock Sistrunk, foreman of grand jury.' 'Presented by the foreman of the grand jury to the court in the presence of the grand jury and received by me from the court and filed in open court on the 24th day of June, 1922. U. S. Wood, Clerk.' Bail $500.00. Out of files, Nov. term 1924. 1922, 7/31. B. W. Spn. 1923 2-2—1923 5-18 spn. for Mit Wilson 1923 5-18 B. W. — Spn. for White H. 'We, the jury, find the defendant not guilty. J. S. Litton, foreman.' "

At the calling of that indictment for trial, the defendants waived an arraignment and pleaded not guilty, and both sides announced ready for trial. The jury, composed of J. S. Litton and eleven others, was impanneled and sworn and evidence introduced sustaining all the material allegations of the indictment, if it is construed as charging that the forged check was drawn on the First National Bank of Burnside. It seems that both sides were in doubt as to the sufficiency of the indictment in that respect as appears from the following order entered at the time:

'At the conclusion of the testimony the defendant by attorney moved the court to peremptorily instruct the jury to find the defendant not guilty on account of the insufficiency to the indictment. Thereupon the Commonwealth attorney moved the court to quash the indictment and refer this prosecution to the present grand jury and defendants are held under the same bond awaiting the action of the grand jury.''

No later order appears in reference to the case at that term, except that the witnesses were recognized to appear on the 9th day of the next March term. At that time the grand jury returned a second indictment, No. 1842, against the same defendants on the same charge. It is substantially in the same wording as indictment No. 1791, except that in all of its parts it names the First National Bank of Burnside as being the bank upon which the alleged forged check was drawn. Upon a trial under the latter indictment there was a plea of former jeopardy. The witnesses and the evidence were the same in both trials and the record in the former trial as above set out was introduced by the defendant, but the lower court was of the opinion that the first indictment was insufficient to authorize a conviction, and disregarded the plea of former jeopardy.

The record of the first trial is fragmentary. No order was entered indicating the disposition of the conflicting motions made at the conclusion of the evidence. The verdict of the jury finding the defendant "not guilty" is endorsed at the bottom of the indictment and signed by one of the members of that body. This indicates that the peremptory instruction was sustained, but its verity is not established by an order of court or by the minutes upon the clerk's records, and there has been

no effort to have a *nunc pro tunc* order entered in conformity with the verdict. The word "quashed" is also noted upon the indictment, it not appearing when or by whom this was entered, but there is no order of court supporting it or any order discharging the jury or referring the case to the grand jury, and it is difficult to determine just what steps were taken.

However, a jury was impanneled and sworn in the first trial. The same general charge was made in each indictment and the same evidence was introduced in both trials. If the first indictment was sufficient in form and substance to sustain a conviction, jeopardy attached when the first jury was sworn. In such a state of case an order quashing the indictment would release the defendant as effectually as would a directed verdict, and the character of order made by the court in dismissing the indictment becomes immaterial. Williams v. Com., 78 Ky. 93; Thomas v. Com., 150 Ky. 374; Cooley's Constitutional Limitations 328; Mount v. Com., 2 Duvall 93; Wharton's Criminal Law, 508 and 529; Huff v. Com., 42 S. W. 907.

Considering this question, the only criticism of the indictment is that it is inconsistent and indefinite in this, that in one place it charges that the check was drawn on the First National Bank of Burnside and at another that it was drawn on the First National Bank of Somerset. While plausible, we think this objection is more apparent than real. In the accusative the defendants are charged with uttering a check drawn on the First National Bank of Burnside. In the descriptive the check is copied verbatim, and speaks for itself. It is in the usual form and shows that it was drawn on the First National Bank of Burnside. True, following the copy of the check the indictment continues, "The said writing, to-wit: a check on the First National Bank of Somerset." But it is clear that the words "said writing" refer to the check as copied, and that the words "First National Bank of Somerset" are an inadvertence of the pleader, and that the indictment as a whole names the First National Bank of Burnside as the injured bank. We do not think that anyone should have been confused by this apparent conflict, or that there is any doubt but that the defendants were fully apprised of the charge against them, which is the "uttering of a forged check on the First National Bank of Burnside," and that in this respect the indictment is sufficient.

It follows that the defendants were put on trial on a valid indictment in the first trial of the case and that their plea of former jeopardy should have been sustained in the last trial.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.