## Commonwealth v. Stallard.

(Decided January 30, 1931.)

J. W. CAMMACK, Attorney General, and W. A. BROCK and J. B. SNYDER for appellant.

W. W. G. DOTSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee was indicted for the offense denounced by section 1358a of the Statutes. The case coming on to be heard, the appellee, hereinafter called the defendant, entered a plea of not guilty, and thereupon a jury was duly impaneled to try the case. After the commonwealth's attorney had read the indictment to the jury and stated what the commonwealth intended to prove, the defendant filed a general demurrer to the indictment which the court took under advisement. Later, and after the commonwealth had introduced part of its proof, the court sustained the defendant's demurrer to the indictment, set aside the swearing of the jury, and referred the indictment back to the grand jury, which returned a second indictment. The defendant never withdrew his demurrer, nor did he ever object to the court's ruling upon it, although he did object to the setting aside of the swearing of the jury after the demurrer had been sustained. On being arraigned under this last indictment, the defendant entered a plea of former jeopardy. The commonwealth filed a demurrer to this plea which the court overruled, and the commonwealth declining to plead further, the court ordered the case dismissed. From this ruling the commonwealth has appealed pursuant to section 337 of the Criminal Code of Practice.

The judgment of the circuit court will have to be reversed. Although it is true that jeopardy attaches when a jury is sworn to try an accused under an indictment sufficient in form and substance to sustain a conviction, yet if during the trial the jury is discharged with consent of the accused, express or implied, such consent is an implied waiver of any objection to being tried anew and he may be so tried. 1 Bishop on Criminal Law, Secs. 995, 996, 998; Cooley on Constitutional Limitations, p. 468; Sacra v. Commonwealth, 123 Ky. 578, 96 S. W. 858, 29 Ky. Law Rep. 1010; Riley v. Commonwealth, 190 Ky.

204, 227 S. W. 146, 147. Applying this principle the text in 16 C. J. 246, says:

"So where an accused has secured a decision that the indictment is void or has been granted an instruction based on its defective character directing the jury to acquit, he is estopped when subsequently indicted to assert that the former indictment was valid. In such case there may be a new prosecution whether the indictment in the former prosecution was good or bad."

In the instant case, the defendant did not file his demurrer to the indictment until after the jury had been impaneled to try him under the first indictment. He never withdrew that demurrer, nor did he ever object to the court's ruling upon it. Thus he invited and procured the court's decision upon the sufficiency of the indictment. Having procured the court to decide that the indictment was insufficient, he could not, by simply objecting to the setting aside of the swearing of the jury, block all further progress of the case. Standing on his demurrer, the accused necessarily impliedly consented that if the demurrer were sustained, the swearing of the jury should be set aside in order that such further proceedings as were necessary or proper to be taken in the case might be had. Having so consented by implication in advance and having procured a favorable decision on his demurrer, he could not thereafter withdraw the consent to the setting aside of the swearing of the jury once given. It matters not whether the original indictment was good or bad. The defendant procured the ruling that it was bad and thereby waived any objection to being tried again under a second indictment. So in the Riley case, supra, the accused having impliedly consented to the discharge of the one juror and the substitution of another could not, after the court had done so, withdraw that consent by then excepting to the court's ruling in that regard.

The case of Wilson v. Commonwealth, 212 Ky. 584, 279 S. W. 988, relied upon by the circuit court and the appellee, does not militate against these views. That case was very similar in the procedure involved to the one at bar save in one very important particular. In the Wilson case, after the jury had been impaneled and some evidence had been heard, the commonwealth's at-

torney came to the conclusion, erroneously as it developed, that the indictment under which they were trying the accused was faulty. He thereupon made a motion which the court sustained quashing the indictment and referring it back to the grand jury, which returned a second indictment. The accused being put on trial under the second indictment entered a plea of former jeopardy which we sustained. It will be noted that in the Wilson case the indictment was quashed on the motion of the commonwealth's attorney. In the instant case, the ruling of the court as to the insufficiency of the first indictment was made at the instance of the appellee. There could be no implied waiver of constitutional rights in the Wilson case, as the setting aside of the swearing of the jury was done at the instance of the commonwealth. Here, as we have seen, it was done at the instance of the accused. How the fact as to whose instance the setting aside of the swearing of the jury operates may be seen from this excerpt from the Riley case, supra:

"The discharge of a jury for a reason legally insufficient without accused's consent and without an absolute necessity for it is equivalent to an acquittal and may be pleaded as a bar to subsequent proceedings. 16 C. J. 250. If a jury is discharged during trial with the prisoner's concurrence, his consent thereto is an implied waiver of any objection to being tried anew and he may be so tried. So his consent to the discharge may appear as well by implication from the circumstances as by express words. Robinson v. Commonwealth, 88 Ky. 386, 11 S. W. 210, 10 Ky. Law Rep. 972; Bishop's New Criminal Law, vol. 1, sec. 998.

"Had accused remained silent, a different question would be presented but this he did not do. The trial judge was anxious to proceed properly in the matter and so informed counsel. Appellant did not object to the discharge of the jury, as was done in the O'Brian case (9 Bush. 333; 15 Am. Rep. 715), supra, and while he did not expressly consent to the discharge of the juror, yet his counsel's statement to the court, after consulting with his client, 'for the court to take whatever course he thought was proper,' was clearly indicative of an implied consent to the action taken by the court.

"Under the circumstances his exception to the court's ruling in discharging Evans from further service in the case will not avail him now."

It follows that the trial court erred in overruling the demurrer to the plea of former jeopardy herein interposed, and the case is reversed, with instructions to sustain the demurrer to that plea and for proceedings further consistent herewith.