## Commonwealth v. Gray (two cases).

(Decided May 5, 1933.)

BAILEY P. WOOTTON, Attorney General, F. M. BURKE, Assistant Attorney General, and E. POE HARRIS, Commonwealth's Attorney, for appellant.

CHARLES PRATER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Certifying the law.

These two appeals, prosecuted by the commonwealth under the authority of sections 335-337, Criminal Code of Practice, seek a certification of the law, because of alleged errors committed by the trial court, insisted upon as prejudicial to the commonwealth, in the trial of the appellee in the two cases under indictments Nos. 2367 and 2489, respectively, wherein the accused was acquitted.

The first indictment, No. 2367, was returned by the grand jury of Boyd county in April, 1932, and the second indictment, No. 2489, was returned on September 15, 1932, for the same offense, against appellee, Dr. O. A. Gray, wherein, by each, he was charged with the offense of false swearing, denounced by section 1174 of the Statutes.

As these two appeals, based upon these indictments, involve the identity both of the same party defendant and the same facts in each case, they will be considered and disposed of together.

When the case, based upon the first indictment, No. 2367, was called for trial on September 15, 1932, the defendant demurred to the indictment as defective, which was overruled by the court and thereupon, both parties announcing ready for trial, a jury was duly impaneled, selected, and sworn, the indictment read, plea of not guilty entered, and the case then stated, both for the commonwealth and defendant, to the jury. Thereupon, it appears, the commonwealth's attorney having erroneously concluded that this indictment under which the defendant was being tried was defective, moved the court that the swearing of the jury be set aside, for the

purpose of re-referring the case to the grand jury for a second indictment.

This motion was sustained, the swearing of the jury ordered set aside, and the case then re-referred to the grand jury, which returned the second indictment, No. 2489, upon the same day, again charging the defendant, O. A. Gray, with the same offense of false swearing, in substantially the same language as set out and described in the first indictment.

It is further shown by the record in this case tried under indictment No. 2367 that the attorney for the commonwealth further caused to be entered of record an order reciting that the setting aside of the jury, made upon his motion, was made and entered by consent of parties.

On the motion day following, September 21, the defendant moved the court for an order, setting aside this prior order alleged erroneously entered by the commonwealth as a consent order, and to enter in lieu thereof an order conforming with the real facts, which the defendant averred, by attached affidavit, were that the setting aside of the swearing of the jury had been ordered upon the commonwealth's motion, without his knowledge and consent. No ruling was made by the court upon this motion during its term when submitted and filed.

Thereafter, during the term, on September 26, 1932, a further order was entered: "Upon motion and statement of the Commonwealth's attorney, it is ordered that each of the above styled cases be dismissed as to each of the above named defendants." And again, on October 1 of the same term, and in apparent contradiction of the commonwealth's prior order of September 26, directing that the cases and defendants named therein be dismissed, the commonwealth caused to be entered this further order: "Upon motion of Commonwealth's attorney it is ordered that each of the above styled cases be continued and set down for trial on Tuesday, January 10, 1933, at the regular January Term."

Thereafter, on January 30, 1933, the case upon the second indictment, No. 2489, being called for trial and the commonwealth having announced ready, the defendant appeared and entered "a plea of former trial and acquittal" and moved the court to dismiss the indict-

ment and action, to which the commonwealth objected, when the court ordered and adjudged "that the objection be overruled and that the motion be sustained and that the indictment be dismissed and the defendant discharged from custody," to all of which the commonwealth objected and excepted and prayed an appeal, which was granted.

The commonwealth, complaining of the court's ruling in this as prejudicial, has prosecuted this appeal.

Also, the court, simultaneously with its adjudging that the defendant's plea of former trial and acquittal should be sustained and indictment No. 2489 be dismissed, did further sustain defendant's pending motion, made and filed at the prior September term of court, when defendant was then upon trial under the first indictment, for an order setting aside and correcting the erroneous consent order entered by the commonwealth, and the court did rule upon such prior motion by entering the following order, to wit:

"On motion of the defendant, and over the objection of the plaintiff, it is ordered that the order entered in this action on the 15th day of September, 1932, now of record in Order Book 22 page 373 of this Court, setting aside the swearing of the jury, by agreement of the parties, be and the same is now set aside, and in lieu thereof, on motion of the defendant, and over the objection of the plaintiff, it is now ordered and adjudged by the Court as follows:

"This cause coming on for trial, and the Commonwealth, by its attorney, having answered ready for trial, came the defendant, by counsel, and demurred to the indictment herein; and the Court being sufficiently advised, overruled said demurrer, to which ruling of the Court the defendant at the time excepted.

"Thereupon the defendant announced ready for trial, whereupon a jury was selected and accepted by both plaintiff and defendant and duly sworn by the Court to well and truly try the issue joined, the Commonwealth's attorney then read the indictment, to which defendant entered a plea of not guilty. The attorney then stated the case to the jury and counsel for defendant stated the case to the jury for the defendant.

"Thereupon came the attorney for the Commonwealth, and without any knowledge or consent of defendant and in open court, moved the Court to set aside the swearing of the jury, and the Court being sufficiently advised sustained said motion and set aside the swearing of the jury and released the defendant, to all of which the plaintiff, the Commonwealth of Kentucky objects and excepts, and prays an appeal to the Court of Appeals which is granted."

The attorney for the commonwealth complains also of this delayed ruling and order of the court, made at this, the January term, as erroneous, upon the ground that the case under indictment No. 2367, to which the order related, was no longer before the court, by reason of his order entered in the case upon the 26th day of the prior September term dismissing it; further, he complains of the court's action as erroneous in sustaining defendant's "plea of former trial and acquittal" made orally upon the call for trial of the case under the second indictment, No. 2489, upon the ground that said plea was not properly made and entered of record by the defendant, as required by section 164, subsection 4, of the Criminal Code.

We will now undertake to dispose of appellant's contention that the court erred in sustaining defendant's plea of former trial and acquittal, which he criticizes as having been improperly made by the defendant.

The determination of this question rests upon the question as to whether or not the defendant had first been put in former jeopardy for the same offense, when placed upon trial therefor at the prior September term of this same court under indictment No. 2367, which charged him with this same offense of false swearing and therein described as committed, by knowingly giving false evidence upon the same occasion, and in the same matter and manner, as charged in the second indictment.

Both the first and second of these indictments accused the defendant, in substantially the same words, of having willfully and knowingly sworn and given in evidence that which was false and untrue, on a subject and matter which he, the said O. A. Gray, could legally be sworn; that such untrue statements were made and given in the Boyd quarterly court, in an action therein,

No. 3077, styled T. B. Bush and W. E. Ratliff, partners, etc., plaintiffs, against O. A. Gray, defendant, in said court; that the said untrue statements were made and testified to by Gray after he had been duly sworn by the judge of said court, duly authorized to administer oaths; and that such false evidence and untrue statements were made in regard to a certain, specific contract had between the plaintiffs and the defendant in said action, and which statements the defendant then well knew were false and untrue.

We are of the opinion that each of these indictments sufficiently charged the defendant with having committed the statutory offense of false swearing and adequately negatived, by special averment, the matter alleged in the indictment to have been falsely sworn; also, that the second indictment charged and described the same and identical act and particular offense of false swearing as was charged in the first indictment, No. 2367, and each of which were then before the court, and of the record, when the complained of plea of former trial and acquittal was presented.

Appellant contends that the burden rested upon the defendant, when making this plea, to support it by evidence of his former acquittal of this identical offense, for which he then claimed to be again placed in jeopardy under the second indictment and trial therefor. But this evidence of identity of the second indictment with the first was here directly then before the court and equally well known to the court, because of his ruling thereon at its previous term, by reason of the record of the two cases being then before him so showing.

Similar indictments for false swearing, which thus satisfied, as here, all the constituent requirements of this statutory offense, have frequently by this court been held sufficient and such as would sustain a conviction thereunder. Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223; Commonwealth v. Schweiters, 122 Ky. 874, 93 S. W. 592, 29 Ky. Law Rep. 417; Commonwealth v. Still, 83 Ky. 275.

We thus conclude that this first indictment, No. 2367, was therefore sufficient to have sustained defendant Gray's conviction thereunder, so the next question arising is: Was defendant put in jeopardy upon his prior trial thereunder?

· The record shows, as hereinabove stated, that in this first trial, after defendant's plea of not guilty made therein and after the jury was impaneled and sworn to truly try the issues joined thereunder and the statement of the case made to the jury, that, upon motion of the commonwealth, the swearing of the jury was set aside and the defendant discharged. The rule of law is well settled by repeated adjudications of this court that:

"A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impaneled and sworn."

Williams v. Commonwealth, 78 Ky. 93; Gaskins v. Commonwealth, 97 Ky. 494, 30 S. W. 1017; Commonwealth v. Goulet, 140 Ky. 843, 132 S. W. 151; Thomas v. Com., 150 Ky. 374, 150 S. W. 376; Drake v. Commonwealth, 96 S. W. 580, 29 Ky. Law Rep| 981. Further, this rule is stated that "the discharge of the jury [after defendant has been put upon trial], save in case of necessity or by his consent, operates as an acquittal, and bars a retrial." Robinson v. Commonwealth, 88 Ky. 386, 11 S. W. 210, 211, 10 Ky. Law Rep. 972; Williams v. Commonwealth, 78 Ky. 93.

It is shown by the record, as appears by the court's order entered upon defendant's motion at its January term, that the discharge of the jury upon the first trial of the defendant under indictment No. 2367 was made upon the commonwealth's motion, without defendant's concurrence therein or consent thereto, in that, it appears, when this motion was made to discharge the jury, the defendant neither protested nor consented to the court's order discharging the jury, but only remained silent when same was moved for and made.

In Robinson v. Commonwealth, supra, where the defendant was being tried for bigamy and some question as to the validity of the indictment upon which the defendant was being tried having arisen in the court's mind, whereupon he discharged the jury, it is said:

"The court thereupon sua sponte, and over the objection of the attorney for the state, discharged the

jury, and referred the case to another grand jury. The accused neither objected nor consented to this being done. He remained silent. This action of the court was had that he might be charged with marrying Margaret Sharp. It is manifest it was unnecessary. * * * The jury were not discharged, therefore, from necessity. The appellant was re-indicted at the January term, 1889; the new indictment charging him with marrying Margaret Sharp, his wife, Harriet, being yet alive. Upon trial under it, he pleaded not guilty and former acquittal. * * * Section 14, art. 13, of our state constitution, says: 'No person shall, for the same offense, be twice put in jeopardy of his life or limb.' * * * In the case now before us the jeopardy unquestionably attached. There was no necessity for the discharge of the jury. The guilt or innocence of the appellant could have been properly declared under the indictment upon which he was then being tried. It would be exceedingly dangerous to leave this organic right to rest for its proper protection upon the mere will, or even discretion, of the trial court, however pure and elevated the judiciary character might be; and no interference by the state, after the jury has charge of the case can be tolerated, unless upon facts establishing a case of necessity or by consent of the accused. Stewart v. State, 15 Ohio St. 155; 1 Bish. Crim. Law, sec. 995. The last-named writer says that the accused may waive his right to object to a second jeopardy, and that the waiver may be express or implied. 'If, during a trial, the jury is discharged with the prisoner's concurrence, this consent to the discharge is, by implication, a waiver of any objection to being tried anew, and he may be so tried. Even the consent to the discharge may appear by implication from the circumstances, as well as by express words.' Id. sec. 998. In this instance, however, there was no express consent by the appellant to the discharge of the jury, nor any circumstances from which a consent can be properly implied. He was merely silent. The rule should not be extended so far as to require him, for the protection of this organic right, to object to the action of the court.' "

See, also, O'Brian v. Commonwealth, 9 Bush, 333,.

15 Am. Rep. 715, and Riley v. Commonwealth, 190 Ky. 204, 227 S. W. 146, 147. In the last-named case the court said:

> "To authorize the discharge of a duly impaneled jury before verdict, a manifest necessity therefor must exist, and a plea of former jeopardy will not avail where such necessity exists. However, the discharge of a jury for a reason legally insufficient without accused's consent and without an absolute necessity for it is equivalent to an acquittal and may be pleaded as a bar to subsequent proceedings. 16 C. J. 250."

See, also, Commonwealth v. Stallard, 237 Ky. 166, 35 S. W. (2d) 21; Wilson v. Commonwealth, 212 Ky. 584, 279 S. W. 988; Howard v. Com., 240 Ky. 307, 42 S. W. (2d) 335.

It is not contended in the instant case that any legally sufficient reason or necessity existed for the court's discharge of the jury upon defendant's trial under the first indictment; nor under the rule announced in the Robinson Case, supra, can it be contended that the defendant's mere silence, upon the court's ordering the jury discharged, could be construed as defendant's giving his consent thereto or as amounting to an implied waiver of any objection to being tried anew. Therefore, we are of the opinion that the trial court did not err in sustaining defendant's plea of former trial and acquittal, if such plea, supported by these facts as to the former trial as shown by the record, was properly presented.

Appellant contends that it was not, upon the grounds that the plea as made by the defendant did not meet the requirements of section 164, subsec. 4, of the Criminal Code relative thereto.

Section 164 of the Criminal Code of Practice authorizes a plea of former acquittal or conviction and prescribes the form of the plea as follows:

> "The defendant pleads that he has been acquitted (or convicted, as the case may be), of the offense charged in the indictment by the judgment of —— court (naming it), rendered on the —— day of —— (naming the time)."

Also, section 179 provides:

"Neither a joinder in demurrer, nor a reply to the plea of former acquittal or conviction, shall be necessary; but the demurrer shall be heard and decided, and the plea shall be considered as controverted by denial, and by any matter of avoidance that may be shown in evidence."

In Shirley v. Commonwealth, 143 Ky. 183, 136 S. W. 227, 229, the court said:

"Under these provisions of the Criminal Code, if a defendant desires to plead a former acquittal or conviction, he must do so in the manner pointed out in section 164, so that the court may know from the plea itself the particular prosecution that is relied on as a bar, and the attorney for the commonwealth be prepared to make issue of fact with the defendant upon his plea."

Also, in Commonwealth v. Tom Daniel, 9 Ky. Opin. 96, the court, in its opinion delivered by Judge Pryor, said:

"The prisoner, however, should not have been discharged except upon a plea of former acquittal. The discharge may be made on motion where the party has been in jeopardy under the same indictment upon which the conviction is sought; but when he has been previously tried, and another indictment found, the court is not presumed to know of the former trial unless made to appear by plea and proof."

Such reason as here declared is manifestly the grounds upon which the quoted Code section prescribes for an entry upon the record of the plea of former jeopardy, to the end that the pleaded former acquittal or conviction may be identified and known by the court as having been a former jeopardy suffered by the defendant when upon trial for identically the same offense as that for which he is being tried upon the second indictment wherein the plea is made.

We, however, deem the contention of appellant here made, that the plea was improper for the reason that these matters mentioned in section 164 of the Code are not shown by the record in the instant case to have been made, is without merit, for the reason that the record of the former trial and acquittal of the defend-

ant upon the discharge of the jury therein was itself before the court in the instant case, even as a part thereof, wherein the plea of former acquittal is made, and was itself involved in the court's hearing of defendant's plea of former jeopardy in the trial upon the second indictment, No. 2489, by reason of the court's having then before it for decision upon such plea a ruling upon defendant's motion made in the prior case for a setting aside of an alleged erroneous order entered by the commonwealth therein without defendant's consent.

The record shows, by the commonwealth's order of October 1, that the first case, wherein defendant's acquittal was ordered, because of the discharge of the jury without his consent, was continued for hearing along with the second case under indictment No. 2489 to the January term of the court. Such being the situation, therefore, when defendant offered his plea of former trial and acquittal, the plea was supported by adequate evidence thereof, then before the court, fully advising and informing the court as to the identity of the offense upon which defendant had been acquitted, and there was then before the court full evidence of defendant's former trial and acquittal, as in the Shirley Case, supra, stated to be required under section 164 of the Code.

For the reasons hereinabove indicated, we find no error in the complained of rulings of the trial court made herein, and the law is accordingly so certified.