· COMMONWEALTH *v.* TOM DANIEL.

**Criminal Law—Jeopardy.**
> Where the accused in a criminal case is placed upon trial before a jury sworn to try the issue raised by his plea of not guilty to a valid indictment, his acquittal is a complete bar to a further prosecution, but the accused should plead former acquittal instead of moving for his discharge.

APPEAL FROM FULTON CIRCUIT COURT.

May 4, 1876.

OPINION BY JUDGE PRYOR:

The case of *O'Brian v. Commonwealth,* reported in 9 Bush 333, is conclusive of this case upon its merits. The accused was placed upon trial before a jury sworn to try the issue between himself and the commonwealth. It was a valid indictment and upon which a verdict of guilty, if sustained by the facts, could have been maintained. As the Code of Practice provides no statement of the place in which the offense was committed, it shall be presumed, as charged

therein, that it was committed in the local limits of the jurisdiction of the court in which the grand jury was impanneled. The prisoner, however, should not have been discharged except upon a plea of former acquittal. The discharge may be made on motion where the party has been in jeopardy under the same indictment upon which the conviction is sought; but when he has been previously tried, and another indictment found, the court is not presumed to know of the former trial unless made to appear by plea and proof. This is the only error perceived in the record. The accused should have pleaded instead of asking to be discharged on motion. The clerk will certify this to the court below. No reversal of the judgment can be had.