## Riley v. Commonwealth.

(Decided January 14, 1921.)

### Appeal from Perry Circuit Court.

1. Rape—Time of Commission of Offense—Evidence.—In the trial of an indictment under section 1155, Kentucky Statutes, the Commonwealth may prove the offense was committed any time prior to the finding of the indictment.
2. Jury—Member of Grand Jury Which Returned Indictment.—That a juror selected to try one charged with a felony was a member of the grand jury which returned the indictment does not render his discharge a matter of necessity. It only raises a question of implied bias which accused may challenge or waive.
3. Jury—Discharge of Juror—Waiver.—Where a jury is discharged from service with accused's concurrence, his consent thereto is an implied waiver of any objection to being tried anew.
4. Jury—Discharge of Juror—Implication of Consent.—Consent to the discharge of a juror may appear as well by implication from the circumstances as by express words.

C. W. NAPIER and S. S. COMBS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This is an appeal from a judgment finding appellant guilty of the offense condemned by Kentucky Statutes, section 1155. His punishment was fixed at ten years confinement in the penitentiary.

It is insisted the indictment is bad in that it does not state when the alleged offense was committed.

We find no merit in this contention. In the indictment which was returned October 8, 1919, it is charged the crime was committed on or before the seventh day of October, 1919, and at a time when the prosecuting witness was under the age of sixteen years. Criminal Code, section 129, provides:

"The statement in the indictment as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

The indictment is sufficient. Time is not material if the female was under sixteen years of age when the offense was committed and the Commonwealth may prove

the commission of the offense at any time prior to the finding of the indictment. It was so held in McCreary v. Commonwealth, 158 Ky. 612, 165 S. W. 981, where the court sustained an indictment under the same statute which charged the crime was committed on the — day of —, 1912. The evidence in that case proved it was committed in 1909 or 1910.

When the present case was called for trial, both parties announced ready, a jury was selected and accepted by the Commonwealth and accused, the latter waived arraignment and entered a plea of not guilty, the jury was sworn and the indictment read to the jury. After the case had been stated by the Commonwealth's attorney and counsel for appellant, French Evans, a juror, announced from the jury box that he was a member of the grand jury that returned the indictment against Riley under which he was about to be tried. The court then consulted both sides as to the proper procedure under the circumstances.

After consulting with his client, the attorney for appellant told the court to take whatever course he thought proper. The court thereupon, without objection, discharged said juror, another was called, accepted and the trial proceeded. Appellant reserved an exception to the order discharging Evans; he entered a plea of not guilty, after the new juror had been accepted and he likewise entered a plea of former jeopardy. The sufficiency of this latter plea is the question for our decision.

No person shall, for the same offense, be twice put in jeopardy of his life or limb, Ky. Const., sec. 13.

In Cooley's Const. Lim., p. 467, it is said:

"A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impanelled and sworn."

Particular causes of challenge to a juror are either actual or implied bias. Criminal Code, section 208.

Service on the grand jury which found the indictment does not render the discharge of the juror a necessity, it merely raises a question of implied bias, which accused may challenge or waive. Criminal Code, section 210. By objecting to the trial proceeding with a juror

in the panel who has served on the grand jury finding the indictment, accused renders a discharge of the jury necessary and when so discharged, he cannot thereafter rely upon the plea.

In O'Brian v. Commonwealth, 9 Bush 333, where a similar situation arose, the court, *sua sponte* and over the objection of accused, discharged the juror and had another summoned in his stead.

It was held there was no legal reason or necessity for discharging the juror, that having been accepted by both parties, nothing but the death, sickness or some accident preventing the juror's continuing on duty authorized the court without the consent of accused to say he should no longer constitute one of the panel.

To authorize the discharge of a duly empanelled jury before verdict, a manifest necessity therefor must exist and a plea of former jeopardy will not avail where such necessity exists. However, the discharge of a jury for a reason legally insufficient without accused's consent and without an absolute necessity for it, is equivalent to an acquittal and may be pleaded as a bar to subsequent proceedings. 16 C. J. 250. If a jury is discharged during trial with the prisoner's concurrence, his consent thereto is an implied waiver of any objection to being tried anew and he may be so tried. So his consent to the discharge may appear as well by implication from the circumstances as by express words. Robinson v. Commonwealth, 88 Ky. 386; Bishop's New Crim. Law, vol. 1, sec. 998.

Had accused remained silent a different question would be presented, but this he did not do. The trial judge was anxious to proceed properly in the matter and so informed counsel. Appellant did not object to the discharge of the jury as was done in the O'Brian case, *supra,* and while he did not expressly consent to the discharge of the juror yet his counsel's statement to the court after consulting with his client, "for the court to take whatever course he thought was proper," was clearly indicative of an implied consent to the action taken by the court.

Under the circumstances his exception to the court's ruling in discharging Evans from further service in the case, will not avail him now.

There is nothing to indicate an expression of a preference on the part of appellant to have the juror Evans

remain in the panel as argued in the brief; indeed the record shows to the contrary.

Finding no error in the judgment appealed from, same is accordingly affirmed.