## Baker et al. v. Commonwealth.

Oct. 20, 1939.

**166**

C. A. Noble, Paul Gross and S. E. Duff for appellants.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

At the August term, 1938, of the Leslie Circuit Court on September 2, the appellants, Clifton Baker and Craft Baker, were placed on trial on a charge of murder. The selection of the jury was completed on the following day, which was Saturday. Thirteen jurors were selected for the trial, eleven men and two women, and a part of the evidence was heard on Saturday, when court adjourned until Monday. The male jurors were placed in charge of a male guard and the female jurors in charge of a female guard. On Saturday night the Circuit Judge excused one of the female jurors on account of illness. On Sunday night the wife of one of the jurors was killed in an automobile accident and this juror, without any permission of the court, abandoned the jury and went to his home, so that on Monday morning there were only eleven jurors present at the trial. Over the objection of the defendants the court discharged the jury and continued the case to the November term.

At the November term, the appellants were again placed on trial, whereupon they filed a written plea of former jeopardy, claiming that by reason of the swearing of the former jury they had been placed in jeopardy, since the court had wrongfully discharged the jury. This second trial resulted in a conviction of the appellants and sentence to the penitentiary for two years each. This appeal is from that judgment and the sole question presented is that their plea of former jeopardy should have been sustained.

None of the evidence taken at the trial has been brought before us so that in deciding this question we

are relegated to a consideration of the record. A bill of exceptions recites the filing of the plea of former jeopardy and the plea is copied in the bill in haec verba, it being urged in the brief for appellants that this is a certification by the court of the truth of the facts alleged in the plea. Among the facts alleged in the plea is that the two female jurors in charge of the guard had left Leslie County Saturday night and were in Hazard in Perry County and that the Circuit Judge discharged one of these jurors from the jury, not on account of illness, but merely because the juror's husband requested that he do so. The appellants' contention in this regard is untenable since the signing of the bill of exceptions was no certification of the truth of the facts contained in the plea. It was merely a certification that the plea had been filed alleging those facts.

Considering, then, only the record, we find that on Monday an order was entered reciting the impaneling of the jury on Saturday, the hearing of the evidence and the adjournment until Monday with the jury duly sworn and placed in charge of the guards. The order then goes on to recite:

"And then on Saturday night Mrs. Buckhold, one of the lady jurors, became ill and was released by the court and this was in the absence of the defendants and counsel and in the absence of the remainder of the jury except Mrs. Keller and Mrs. Haskins and then on Sunday night the wife of Herman Shell, one of the jurors, was killed in a wreck, and he left the other jurors but did not procure permission of the court and then on Monday morning when court convened, there were only eleven jurors because of the absence of Mrs. Buckhold who has been excused by the court, and the absence of Herman Shell who had left the other jurors when he received news of the death of his wife, and then the court discharged the jury and continued the case, and the action of the court in discharging the jury and continuing the case was over the objection of the defendants and to which action they are each of them objected and excepted."

Section 13, a portion of the Bill of Rights of our Constitution, provides: "No person shall, for the same offense, be twice put in jeopardy of his life or limb." It is now settled law in this state that jeopardy attaches

when the jury is impaneled and sworn. Mullins v. Commonwealth, 258 Ky. 529, 80 S. W. (2d) 606; Commonwealth v. Gray, 249 Ky. 36, 60 S. W. (2d) 133; Robinson v. Commonwealth, 88 Ky. 386, 11 S. W. 210, 10 Ky. Law Rep. 972; Williams v. Commonwealth, 78 Ky. 93. It is also definitely settled that if there is a legal necessity for discharging the jury the right of a court to order a mistrial exists without the defendant's consent. Mullins v. Commonwealth, supra; Yarbrough v. Commonwealth, 89 Ky. 151, 12 S. W. 143, 11 Ky. Law Rep. 351, 25 Am. St. Rep. 524. In order, however, to justify the exercise of this power on the part of the trial court to discharge the jury there must be an urgent and real necessity. Roberson's Criminal Law, Section 123; 8 R. C. L. 153; Yarbrough v. Commonwealth, supra. It is generally held also that the incapacity of a juror from further service and the necessity for discharge are matters requiring a judicial finding, to be heard and determined by judicial methods, and that it is prejudicial error for the court, of its own motion, or on mere reports and in the absence of the accused, to determine that a necessity exists requiring the discharge of a juror. Roberson's Criminal Law, Section 125; 8 R. C. L. 157; Upchurch v. State, 36 Tex. Cr. R. 624, 38 S. W. 206, 44 L. R. A. 694. In the latter case it was held that where the judge, while absent from the court room and in the absence of the accused, acted upon reports made to him and excused a juror, which action resulted in the necessity for discharging the entire jury, such action was illegal and the accused had been in jeopardy.

In Hilbert v. Commonwealth, 51 S. W. 817, 21 Ky. Law Rep. 537, one of the jurors became dangerously ill and, on advice of a physician, he was taken home. This was held to be a case of necessity and it was said that the act of letting the sick juror separate from the others did not discharge the jury but that the trial might have proceeded if the attendance of the juror could have been secured. In Mullins v. Commonwealth, supra, one of the jurors absented himself from the other jurors while the jury was in custody of the sheriff and the court sua sponte discharged the jury. A plea of former jeopardy was held good because the presence of this juror might have been secured and the trial completed. The defendant might have waived the separation.

Considering the facts shown by the present record in the light of legal principles announced, it is apparent

that the action of the court in dismissing the jury was wholly unjustified. In the first place the female juror was released, because of illness, in the absence of the accused and counsel, and not in court but by the Judge without any showing as to the extent and probable duration of the juror's illness. Again on Monday morning there was no showing that this juror, at that time, was too ill to continue service on the jury. It is entirely probable that the presence of this juror could have been secured and the trial continued. In fact, it is urged in the brief that such was the case and that defendants were demanding that this be done. Nor did the absence of the juror who had left the jury and gone to his home when his wife was killed justify discharge of the jury over the defendants' protest. His presence could, no doubt, have been secured after the funeral of his wife and the jury could have held together for this purpose. The record fails to disclose any real or urgent necessity requiring the discharge of the jury and by the swearing of that jury jeopardy had attached. On the contrary, it reveals that there was no such necessity.

It is regrettable that defendants who have been convicted and sentenced to the penitentiary must be discharged from custody, but more important than the punishment of these two apparently guilty men is the preservation and maintenance of rights given to our citizenship by the constitution and statutes. An accused person has the right to have a trial completed by a jury which has been duly and legally selected to try him and the judge may not arbitrarily discharge and impanel juries until one is obtained that will render a verdict desired by the State or the prosecution. The integrity of our judiciary is well maintained but the surest protection to our citizenship consists in upholding the constitutional guaranty that no person shall be twice put in jeopardy for the same offense.

In the present case the accused had participated in the selection of a jury and were willing to risk their chance with the jury thus selected but the action of the trial court compelled them to assume the additional peril of being tried by a different jury. The commonwealth should not, and does not, desire to inflict punishment upon the guilty except in a regular and constitutional way.

The judgment is reversed with directions to dismiss the indictment.