## LILLARD v. COMMONWEALTH.

Court of Appeals of Kentucky.

April 23, 1954.

Mahlon R. Shelbourne, Paducah, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Flavious B. Martin, Commonwealth's Atty., Mayfield, for appellee.

STANLEY, Commissioner.

The appeal by Luther Lillard is from a judgment of conviction of voluntary manslaughter and imprisonment for two years. The only question is whether it was error to overrule the defendant's plea of former jeopardy.

A trial held in May, 1952, resulted in a hung jury. On a second trial held in October, 1952, the defendant stated, in answer to a question of his attorney, that photographs had been made of himself while in jail shortly after the homicide. The Commonwealth's Attorney objected to their introduction and referred to objections to their introduction on the first trial. He stated it was unfair to the Commonwealth to tell the jury and then not have them introduced. As a matter of fact, the record does not show there was any comment. However, upon the Commonwealth's suggestion, the court admonished the jury not to consider anything that had been said about the pictures "at this time." Upon request of the defendant's attorney, a hearing was held in chambers. There he made an avowal as to the identity and that the photographs truly showed the condition of the defendant's face at that time. The Commonwealth's Attorney then stated that in view of what had already been said in the presence of the jury with reference to the pictures, he would stipulate that they might be introduced without further comment. The court then ruled the pictures might be presented and argument made in reference thereto.

Upon return to the courtroom, the Commonwealth's Attorney moved that the swearing of the jury be set aside and a mistrial declared because of the improper introduction of the evidence and reference to it by the defendant's counsel. The court sustained the motion. An order recites all of this and shows that the defendant objected to the discharge of the jury.

When the case was called for retrial in May, 1953, the defendant filed a motion to dismiss the prosecution and a plea of former jeopardy. A full statement of the occurrences was incorporated in the motion, and a stenographic transcript of all the evidence heard on the former trial, which included what we have recited in substance, was filed as a part thereof. The response to the plea did not in its essentials controvert the facts, but submitted that the order declaring a mistrial was made because of "the manifest necessity brought on, produced and occasioned by the defendant." It further recited, however, that at the first trial (that which resulted in a hung jury) the court had rejected the photographs and admonished the jury to disregard all reference to them, but that, nevertheless, on the second trial, defendant's attorney had again presented them in the presence of the jury.

In Mullins v. Commonwealth, 258 Ky. 529, 80 S.W.2d 606, 607, we exhaustively considered the subject of former jeopardy and the construction of Sec. 13 of our Constitution, which declares: "No person shall, for the same offense, be twice put in jeopardy of his life or limb." We pointed out that "notwithstanding the unqualified language of the Constitution, to prevent frustration, and in deference to the necessities of justice, the courts with practical unanimity have engrafted exceptions upon it." Among the "necessities" which may deprive the accused of a right to rely on former jeopardy is that the mistrial was caused by the accused "in consequence of his own wrong or request, or by his consent." But it is further noted that the "'occasion for it must be very cogent, or, as some courts have said, there must be an absolute necessity.'" Moreover, "it must be determined in each case whether or not the circumstances necessitated a discharge of the

jury." See also Baker v. Commonwealth, 280 Ky. 165, 132 S.W.2d 766, 125 A.L.R. 591.

The record shows no misconduct on the part of the defendant's attorney. But even if the order truly reflects what occurred, it was merely that the defendant, in the presence of the jury, had referred to improper evidence he had offered to introduce. This certainly cannot be regarded as such wrongful conduct that it deprived the defendant of his constitutional right not to be tried twice for the same offense. On the third trial (which resulted in conviction and this appeal) the photographs were admitted in evidence.

The Attorney General concedes it was error to overrule the plea of former jeopardy.

The judgment is accordingly reversed.