Timothy GRAHAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 21, 1978.

Rehearing Denied April 11, 1978.

Blake H. Page, Winchester, for appellant.

Robert F. Stephens, Atty. Gen., David M. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Appellant, Timothy Graham, was accused by indictment in the Wolfe Circuit Court of the murder of his brother, Reed Graham. Venue was changed first to Rowan County and then to Bath County. A jury trial in the Bath Circuit Court resulted in a conviction for manslaughter. Appellant claims that he was subjected to double jeopardy and that, in any event, the prosecution's evidence failed to make out a submissible case against him. We affirm.

From the sketchy record presented, it appears that when the case was first called for trial and after the jury was selected and sworn, but before the first witness was sworn, the appellant through counsel stated to the court that he had not been arraigned. The Commonwealth thereupon moved to set aside the swearing of the jury and to continue the case. The trial judge granted the Commonwealth's motion. The swearing of the jury was set aside, the appellant was properly arraigned, and the case was reset for trial at a later date.

When the case was again called for trial, the appellant pleaded double jeopardy. The trial judge denied the plea and the trial proceeded. The jury verdict found appellant guilty and fixed his punishment at confinement for 20 years. From the final judgment entered pursuant to the verdict, this appeal is prosecuted.

The Kentucky Penal Code, which was made effective January 1, 1975, provides at KRS 505.030:

"When a prosecution is for a violation of the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances: . . .

(4) The former prosecution was improperly terminated *after the first witness was sworn* but before findings were rendered by a trier of fact. Termination under either of the following circumstances is not improper;

(a) The defendant expressly consents to the termination or by motion for mistrial or in some other manner waives his right to object to the termination; or

(b) The trial court, in the exercise of its discretion, finds that the termination is manifestly necessary." (emphasis supplied).

The official commentary to our Penal Code states:

"The provision provided in subsection (4) is a codification of prior law, except for a slight change in the point at which jeopardy attaches. Previously, in a jury case, jeopardy attached when the jury was impaneled and sworn. *Baker v. Commonwealth* [280 Ky. 165], 132 S.W.2d 766 (1939). The change that is made by subsection (4) serves only to create the same rule for jury and nonjury trials."

This definition of the attachment of jeopardy is identical to that contained in the American Law Institute's Model Penal Code. See Model Penal Code section 1.09, Comment at 53, Tent. Draft No. 5, (1956). The Institute could find no compelling reason to perpetuate the distinction between jury and bench trials as to the point at which jeopardy should be deemed to attach.

Appellant appears to concede the applicability of KRS 505.030(4), but urges that the change effected by the statute violates a mandate of the Constitution of the United States. He cites *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) in support of this contention. We read *Serfass* as holding that because jeopardy had not attached under either of the historical rules of construction for the determination of the point of attachment when the proceedings were terminated, a

subsequent trial to judgment did not violate the federal Double Jeopardy Clause. The Supreme Court has neither in *Serfass* nor in any other case of which we have knowledge held that the federal rules for the determination of the attachment of jeopardy are constitutionally obligatory on the states. From *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), to *Serfass,* the Supreme Court has recited without discussion or analysis the federal case law rules that jeopardy attaches in a jury trial when the jury is impaneled and sworn and in a nonjury trial when the first witness is sworn.

In *Bretz v. Crist,* 546 F.2d 1336 (1976), the federal Ninth Circuit Court of Appeals struck down a Montana statute which has the same provisions as does KRS 505.030(4). The Supreme Court granted certiorari sub nom. *Crist v. Cline,* —— U.S. ——, 98 S.Ct. 603, 54 L.Ed.2d 475. The Court has ordered reargument in this case on the following questions:

1. Is the rule heretofore applied in the federal courts—that jeopardy attached in jury trials when the jury is sworn—constitutionally mandated?

2. Should this Court hold that the Constitution does not require jeopardy to attach in any trial—state or federal, jury or nonjury—until the first witness is sworn?

Although we have deepest respect for the outstanding scholar and jurist who authored the Ninth Circuit's extensive opinion in *Crist,* we are unable to agree with the conclusions reached by that court. Without retracking the paths explored by the *Crist* opinion, we think it suffices to say that we perceive no real or substantial danger to the validity of the federal double jeopardy guarantee by the removal of a historical anachronism.

■ Jeopardy attaches when a defendant is placed on trial before the trier of the facts. In defining the point at which the defendant is "placed on trial" what constitutional significance should the number of triers of fact bear to the determination? The *Crist* opinion relegates this considera-

tion to a footnote where the court remarks that a major purpose of the double jeopardy clause is the protection of the defendant's right to have his trial completed by a particular tribunal. Then the footnote states: "When one sees that the two attachment of jeopardy rules are necessary if this 'valid right' is to be protected, the reason for the distinction seems plain." *Bretz v. Crist,* supra, at ft. n. 21, pp. 1345, 1346. We fail to see that which the opinion characterizes as "plain."

If a defendant is tried by a single fact finder, he is "in jeopardy" as quickly in the trial process as if he were to be tried by six fact finders, nine fact finders or twelve fact finders.

For a state to legislatively fix the same point in the trial process as the time of the attachment of jeopardy in both jury and nonjury cases surely has less constitutional impact or significance than for a state to provide for criminal felony trials by less than the apostolic twelve or to permit conviction of crime by a verdict less than unanimous. Yet both of these state-enacted provisions for the mechanical operation of criminal trials have successfully passed federal constitutional review by the Supreme Court.

■ We hold KRS 505.030(4) constitutional under our federal and our state constitutions. If the U.S. Supreme Court holds otherwise as a matter of federal constitutional law we will, of course, respectfully conform to its decision, but we have expressed our views so the parties would not be left in a state of uncertainty concerning our present conclusions.

■ Appellant's claim that the evidence was insufficient to make a submissible case was not preserved for appellate review. No motion for a directed verdict of acquittal was made at the conclusion of all the evidence. See *Kimbrough v. Commonwealth,* Ky., 550 S.W.2d 525, 529 (1977). In any event such motion could not have succeeded because the prosecution's evidence was sufficiently strong to support the jury's finding of guilt as not clearly unreasonable.

See *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530, 533 (1977).

The judgment is affirmed.

All concur.