Henry **WILEY**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. CA–1902–MR.

Court of Appeals of Kentucky.

Aug. 4, 1978.

Discretionary Review Denied
Jan. 30, 1979.

Jack Emory Farley, Public Defender, Commonwealth of Kentucky, M. Gail Robinson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HOGGE and WINTERSHEIMER, JJ.

GANT, Judge.

Appellant was convicted on two counts of trafficking in a controlled substance (heroin) and sentenced to five years on each count.

The first error assigned for reversal is that appellant was placed in jeopardy twice because a mistrial ·was improperly declared at his first trial and over his objection. The facts occasioning the mistrial were simple. While the defendant was on the stand on redirect examination, the following colloquy occurred between his attorney and the appellant:

RDQ 1. Henry, you've been in the penitentiary a long time, haven't you?

A. Yes, sir.

RDQ 2. And every time you were convicted and sent to the penitentiary did you plead guilty?

A. Pled guilty every time.

RDQ 3. Did you ever go to trial on any charge?

A. No, sir.

RDQ 4. Did· you go to trial on a charge in Cincinnati?

A. No, sir.

RDQ 5. Why are you going to trial on this case?

A. Because I haven't did (sic) anything. Every time I did a crime I have admitted it. They offered me five years on this and I wouldn't take it.

At this point, the Commonwealth moved for a mistrial, which motion was granted, counsel for appellant urging the court that an admonition to the jury would suffice. The jury was thereafter dismissed, appellant entering his formal objection. The case was brought on for trial at a subsequent term of court, at which time the appellant made no objection to the second trial and did not complain of double jeopardy until a guilty verdict was returned.

This is a case of first impression, so far as we can ascertain. The question of whether the deliberate or inadvertent mention of plea bargaining or sentence negotiation by

a defendant during the course of a trial is grounds for a mistrial has never been ruled on by the courts of this State.

■ The phrase "plea bargaining" has wormed its way into the parlance of the courts in the last five to ten years and is often referred to in a derogatory manner. This Court is of the opinion that there is a real difference between "plea bargaining" and "sentence negotiation." The former connotes the reduction of the charge to a lesser offense or the reduction in the number of counts upon which a given defendant is charged in order to promptly dispose of the case, and is often resorted to in the name of expediency rather than basing such reduction upon the evidence at hand. Sentence negotiation is resorted to when the evidence is consistent with the charged offense and only the amount of time to be served by the defendant after a plea of guilty to the charged offense is discussed between the prosecutor, the defendant, the defense counsel and the judge. The case before us seems to fall in the latter category. In the opinion of this Court, sentence negotiation may be a useful and administrative tool, designed to expedite the disposition of cases and to save countless hours and dollars which might be expended in useless trials. The former, or plea bargaining, may be such a tool if properly based on the evidence and closely examined by the trial courts.

■ Neither plea bargaining nor sentence negotiation should be discouraged as long as they are conducted in such manner that the rights and interests of all concerned are properly protected and carefully scrutinized by the trial court.

■ We must then face the question of whether the injection of either plea bargaining or sentence negotiation into evidence constitutes proper grounds for declaring a mistrial. From the beginning of recorded cases, the courts have held that in order to constitute grounds for a mistrial there must appear in the record a "manifest necessity" for the ruling of the trial judge. See *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Wilson*, 534 F.2d 76, 79 (6th Cir.

1976); *Carsey v. United States*, 129 U.S. App.D.C. 205, 392 F.2d 810 (1967). The courts of Kentucky have adopted the same basic rule and have, on occasion, referred to this necessity as "an urgent and real necessity." *Baker v. Commonwealth*, 280 Ky. 165, 132 S.W.2d 766 (1939).

■ To permit either side to disclose to the jury the fact of plea bargaining or sentence negotiation in an attempt to give credit or reflect discredit to the case before that jury would result in endless possibilities of material injustice. Had the prosecution, on cross-examination, elicited from the defendant the fact that he had offered to plead guilty in exchange for a light sentence, the outcry by his counsel would have been heard for miles. Can we then say that when, in an apparent attempt to bolster his credibility, the defendant brings to the attention of his peers the fact that he declined an offer, he is any less culpable? We think not. Although plea bargaining and sentence negotiation should be openly conducted, with the defendant present at all times and represented by counsel, and the trial judge in full awareness and command of the situation, this does not give to either side the right to disclose these negotiations to the jury.

An excellent summary of the problems and responsibilities of the harried trial judge is set out in the case of *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). In that case the Supreme Court quoted from an opinion of Justice Story in *U. S. v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), when he stated:

. . . the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of justice would otherwise require. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. . . . The security which the public have (sic) for the exercise of this discretion, rests . . . upon the responsibility of the Judges.

In the case of *Gori v. U. S.*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the court in speaking of the discretion of the trial court to declare a mistrial stated as follows:

> Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment.

Under the circumstances of this case, and in full knowledge that the appellant concedes error but claims that only an admonition would have been sufficient, this Court is of the opinion that the trial judge, who is obviously best able to intelligently evaluate the situation at hand, did not abuse his discretion in finding that there was, in fact, a manifest necessity to declare a mistrial.

Appellant next complains that the introduction of certain evidence was so prejudicial as to deny him a fair trial and due process of law. The first evidence which was the subject of his lamentation was that the narcotics agent testified that after the appellant had taken the agent's money and bought the heroin, appellant shot some of this heroin into his own arm in the presence of the agent. In light of appellant's denial that he had used heroin since 1962, and in further consideration of the failure to object to such testimony, we can see no basis for this argument. The totality of the circumstances surrounding the acts complained of and the ensuing arrest are and should be proper evidence to be considered. See *Stidham v. Commonwealth*, Ky., 444 S.W.2d 110, 112 (1969). The appellant cannot choose a part of his conduct and exclude the remainder on his allegation that the remainder was inconsistent with his defense—in this case entrapment.

The next evidence objected to was a description by the "narc" of his general duties and the fact that he testified that he often received information from informants and then sought to investigate to determine the correctness of this information. We perceive no error in this testimony. Had this testimony sought to include the defendant in a general category or relate to the number of occasions in which evidence or information given by these informants proved to be true, it would have clearly been irrelevant. However, in the instant case, there was no such attempt.

The final error complained of was the instructions by the court. The appellant had been indicted on the charge of trafficking in a controlled substance by transferring said substance and the instructions did not use the word "transfer" but substituted the word "sold." If anything, under the evidence herein, the instructions were favorable to the defendant. Additionally, appellant did not object to the instructions and he is precluded from review of those instructions on appeal. *See* RCr 9.54(2); *Ray v. Commonwealth*, Ky., 550 S.W.2d 482 (1977); *Eversole v. Commonwealth*, Ky., 550 S.W.2d 513 (1977); *Luckett v. Commonwealth*, Ky., 550 S.W.2d 517 (1977).

The judgment of the lower court is affirmed.

All concur.